**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4865**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ANDRE LAMONT SUITT, JR.,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:12-cr-00029-CCE-1)

———————

Submitted:  May 23, 2013          Decided:  May 28, 2013

———————

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Lamont Suitt, Jr., pled guilty pursuant to a written plea agreement to possession with intent to distribute cocaine hydrochloride, 21 U.S.C. § 841(a)(1), (b)(1)(C) (2006), carrying and using a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i), and possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). He was sentenced to 180 months in prison. Suitt now appeals, claiming that the district court erred when it applied the kidnapping cross reference under U.S. Sentencing Guidelines Manual ("USSG") §§ 2K2.1(c)(1)(A), 2X1.1(a), 2A4.1 (2011), to calculate his Guidelines range. We affirm.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In determining procedural reasonableness, we consider whether the district court properly calculated Suitt's Sentencing Guidelines range. Id. at 49–51. The court reviews the district court's factual findings for clear error and its legal conclusions de novo. United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010).

Suitt contends that his sentence is procedurally unreasonable because the kidnapping cross reference, USSG §§ 2K2.1(c)(1)(A), 2X1.1(a), 2A4.1, was incorrectly applied to

2

him. The cross reference applies "[i]f the defendant used or possessed any firearm or ammunition in connection with the commission . . . of another offense." USSG § 2K2.1(c)(1). Suitt argues that the district court improperly deemed kidnapping as "another offense" for purposes of the cross reference when the underlying conduct in this case did not constitute a violation of the federal kidnapping statute. Instead, Suitt maintains, the district court should have used the guideline for the offense of robbery to calculate his Guidelines range.

We reject this argument. First, the commentary to USSG § 2K2.1 states that " '[a]nother offense' . . . means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense . . . regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1, cmt. n.14(C). Additionally, we have held that the cross reference in USSG § 2K2.1 applies to conduct amounting to a violation of state law. United States v. Carroll, 3 F.3d 98, 103 (4th Cir. 1993).

With these standards in mind, we find no error in the district court's application of the cross reference. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED